[Civ. No. 6824. First Appellate District, Division Two.—June 29, 1929.]

MARY SCHNITMAN, Respondent, v. R. L. HUSTED et al., Appellants.

Sullivan & Sullivan and Theo. J. Roche and R. L. Husted for Appellants.

M. C. Sloss and Frederick W. Kant for Respondent.

KOFORD, P. J.—Plaintiff and defendants are, respectively, successors in interest of the lessee and lessors under a lease of real property in San Francisco. The lease provided for a renewal term of ten years without definitely fixing the amount of rental for such renewal term. The parties being unable to agree upon the amount and the arbitration provided for in the lease having failed, the plaintiff brought this action in the Superior Court and had the court fix by judgment the amount of rent to be paid under the terms of the lease during the renewal term. The defendants appeal from the judgment claiming that the court erred in its interpretation of the lease because it decided that de-

fendants should continue to pay taxes assessed upon the land notwithstanding the lease contained a clause to the effect that such rent should be calculated at the rate of four and one-half per cent net on the appraisement of the land. The appraised value of the land was determined by the appraisement committee of the San Francisco Real Estate Board pursuant to stipulation of the parties.

It is only necessary to set out herein two clauses of the lease, but it should be stated that at the time of the original lease the land was vacant and the lessee agreed in the lease to erect a certain building thereon. These two provisions follow:

"8. The lessor to pay all state, city and county taxes which may be assessed upon the real estate only. The lessee to pay all like taxes that may be assessed on the improvements during the entire term hereby created, and the same shall be paid to the first party at least five days before the same shall become delinquent by law and said second party agrees to pay all assessments that may arise out of the improvements on said property or of the streets or sidewalks surrounding the same, *to the end that the income from the rental above specified may be net to said first party and not subject to deduction or expense of any kind connected with the ownership or maintenance of said property.*" (Italics ours.)

"16. That the lessee may extend the term of this lease an additional period of ten years *on the same terms and conditions as herein stated, except as to the amount of rent;* that the rent for said additional period shall be, before and within sixty days before the commencement of said additional term, settled and fixed between the parties hereto if they can agree thereon. If the parties hereto cannot agree upon said rental for the succeeding ten years then the same to be submitted to appraisement. The parties each to select an appraiser and if they in turn cannot agree, the appraisers to select a third whose decision shall be final. The amount of the rent to be calculated at the rate of $4\frac{1}{2}\%$ *net* on the appraisement of the land." (Italics ours.)

At the trial the appellants took the position that the terms of the lease were ambiguous and evidence was offered to show the intention of the original parties with respect to the payment of taxes. The finding of the court upon this evi-

dence was adverse to appellants and they claimed in their opening brief herein that the finding was not supported by the evidence. Respondent replied, showing the finding to be based upon conflicting evidence and indicating testimony to support the decision on that point. She also raised the point that appellants' bill of exceptions is insufficient to permit an attack upon the decision for insufficiency of evidence because the bill fails to specify the particulars in which the evidence is alleged to be insufficient as required by section 648 of the Code of Civil Procedure. Upon the oral argument appellants concede the latter point to be good, but contend that the judgment-roll alone shows the decision to be erroneous. While clause 16 states the rent shall be fixed at a net amount the judgment requires the lessors, the appellants, to pay the taxes upon real estate as distinguished from the improvements thereon. Appellants cite definitions of the word "net" and from these definitions argue that net rent means that the lessee shall pay such taxes.

A full copy of the lease is set out in the judgment-roll—in the findings of fact. The lease must be considered in its entirety to ascertain the intention of the parties. (Civ. Code, sec. 1641.) The interpretation of the language used by the parties is not to be arrived at by considering the questioned clause as if it stood alone but by consideration of the entire instrument and, if it appears therefrom that the parties have used a word or expression in a certain sense, that meaning will be imported which the parties have shown they intended by other parts of the instrument. (*Pringle* v. *Wilson*, 156 Cal. 313 [24 L. R. A. (N. S.) 1090, 104 Pac. 316].)

In clause 8, above quoted, the parties have defined the sense in which they have used the word "net" and in that paragraph it is plainly apparent that whatever other deductions they contemplated should be made to arrive at the net rent, taxes on the land was not one of them. There they say in almost direct words that if the lessors pay the taxes levied against the land and the lessee pays other taxes and assessments the rent reserved in a definite amount for the first ten years will be considered to be a net rental to the first party, the lessors.

■ Applying the rule of interpretation which requires harmony among clauses to the end that one clause will not nullify another, we find that to give to the word "net" the definition contended for by appellants would nullify the direct and expressed provisions of the lease which require the lessors to pay taxes levied upon the land. While that clause is primarily directed to the first ten-year period, still all the terms and conditions of the lease by clause 16 are made applicable to the renewal term of ten years, "except as to the amount of the rent." If the parties had intended that the lessee should pay the taxes on the land during the renewal term, we should naturally expect them to have written "upon the same terms and conditions except as to the amount of rent *and the payment of taxes*" instead of merely "except as to the amount of rent." Clause 16 contemplates that the amount of rent shall be settled and fixed in advance of the beginning of the ten-year renewal term. This could not be done accurately by fixing a definite and stated amount in advance, because the taxes will vary from year to year during the term. The tax covenant could only be changed by changing paragraph 8, which is not a term and condition relating to the amount of rent, but one relating to taxes and assessments.

Appellants, by affirmative allegations in their answer to the complaint, set forth that the parties to the original lease meant and intended by the language of paragraph 16 of the lease that the lessee should pay, among other charges, the taxes levied upon the land. By statements of their counsel at the trial and by the introduction of evidence of parol declarations, appellants actively led the court to make a decision or finding upon the issue thus tendered. The evidence on that point being conflicting and appellants admittedly being unable to attack the sufficiency of such testimony, the decision upon that point also requires an affirmance of the judgment. ■■ Appellants cannot remove from the case, after an adverse ruling, the issue which they tendered; nor can they now claim they are not bound by the understanding between the original parties when they thus sought to so bind the respondent who is likewise a successor to one of the original parties. There is no conflict between the findings and any particular clause of the lease because the findings set forth the lease as an entirety.

Whether the lease should be interpreted by considering its language alone or by resort to extrinsic evidence, the same conclusion is reached.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.